IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOHN DOE
    *Plaintiff*,

v.

BRIAN SPENCER and
FICTITIOUS PERSONS 1-10
    *Defendants*.

CIVIL ACTION NO. 1:23-cv-00002

JURY TRIAL DEMANDED

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, the Plaintiff, JOHN DOE, by and through the undersigned counsel, pursuant to Fed. R. of Civ. Proc. 65, LR65.01, and 15 U.S.C. § 6851 (b) (3) (B), and files this Memorandum in support of his Motion for Temporary Restraining Order, to-wit:

### BACKGROUND FACTS

On January 9, 2023, Plaintiff filed a Verified Complaint detailing how the Defendant mailed at least ten (10) intimate visual depictions of the Plaintiff to the Plaintiff's family, friends, and employers. [Docket #1.] The Verified Complaint, which Plaintiff signed under penalty of perjury, also describes how the Defendant had committed cyberstalking while trying to extort information from the Plaintiff. Finally, the Verified Complaint indicates that a threatening message was delivered to Plaintiff from Defendant's Facebook Messenger account speaking of Plaintiff's death.

On October 27, 2022, Defendant sent Plaintiff an email – which he also sent to Plaintiff's Facebook Messenger account – threatening to disclose Plaintiff's intimate

1

visual depictions to his "circle like AOL discs back in the day," unless Plaintiff provided to Defendant various information concerning Defendant's wife. Verified Complaint, at pp. 5-8, ¶14. Defendant stated that he would make it his "life's focus to humiliate" the Plaintiff. Id. at p.7. Plaintiff did not respond to Defendant's threats; so, Defendant mailed to Plaintiff's friends and family "Christmas cards" depicting the Plaintiff's naked photos. Id. at pp. 8-10, ¶¶15-21. Then, within two weeks of being sent a cease-and-desist letter, Defendant sent Plaintiff what appears to be a threat to his life via Facebook Messenger. Id. at pp. 8-10, ¶25.

Based upon the forgoing facts, Plaintiff states that that immediate and irreparable injury, loss, or damage will result to the Plaintiff before the Defendant can be heard in opposition. Accordingly, the Plaintiff seeks a temporary restraining order preventing Defendant from (1) distributing intimate visual depictions of the Plaintiff, and (2) from having any contact with the Plaintiff or members of his family.

## ARGUMENT

When determining whether to grant a temporary restraining order, Courts in the Sixth Circuit consider the same four factors applicable to a motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." McGirr v. Rehme, 891 F.3d 603, 610 (6th Cir. 2018) (citing S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co., 860 F.3d 844, 849 (6th Cir. 2017)).

The facts in the Verified Complaint demonstrate that Plaintiff has a strong likelihood of success on the merits. See McGirr, 891 F.3d at 610. Plaintiff and members of his family, as well as his friends and coworkers, received letters postmarked from "Brockton, MA" and "Boston, MA." Id. at pp. 9-10, ¶¶17-21. Defendant lives in this general vicinity. Id. at pp. 2-3, ¶6. These envelopes contained explicit, intimate visual depictions of the Plaintiff. Id. at pp. 9-10, ¶¶17-21. Defendant had access to this material because he delivered the same to Plaintiff's wife via email. Id. at p. 4, ¶¶11-12. Moreover, when confronted by Plaintiff's wife about the intimate visual depictions being sent to Plaintiff's daughter, he tacitly admitted the same, stating:

> Sorry but I'm not going to be disrespected have this perv sending [sexually explicit term for masturbation] videos and don't think I haven't tormented her [referring to his wife] I believe in blaming all the people involved.

Id. at p. 12, ¶23. The following week, Defendant emailed Plaintiff, "I have ideas for days and can't think of a better person." Id. at p. 12, ¶24. Thus, Defendant distributed intimate visual depictions of the Plaintiff, thereby triggering liability under § 6851.

Plaintiff asserts that he will be irreparably and permanently harmed absent an injunction. See McGirr, 891 F.3d at 610. The more people see these photos, the more embarrassed the Plaintiff will feel. And once the images are distributed, they cannot be un-distributed.

Plaintiff asserts that third parties will not be harmed by this injunction. See McGirr, 891 F.3d at 610. On the contrary, if Defendant distributes these intimate visual depictions, then the people who receive these messages will be harmed. Thus, third parties will be protected.

Plaintiff also asserts that the public interest would be served since § 6851 gives Plaintiff the right to seek injunctive relief. See McGirr, 891 F.3d at 610.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays a temporary restraining order to be entered prohibiting the Defendant from disclosing any intimate visual depiction of the Plaintiff and from contacting the Plaintiff or any member of his family.

The Plaintiff prays for general relief.

This, the 10th day of January 2023,

JOHN DOE

BY: /s/Matthew Wilson
_____
Matthew Wilson (TN BPR 028175)

Prepared by:
Matthew Wilson (TN BPR 028175)
The Law Office of Matthew Wilson
2218 W. Main Street, Suite B
Tupelo, MS 38801
Telephone: (662) 260-6544
Facsimile: (662) 546-4893
lawyermatt@betteraskmatt.com

### CERTIFICATE OF COUNSEL

Counsel for the Plaintiff certifies that no efforts have been made to give notice to the Defendant. Counsel believes that if notice is given to the Defendant before an order is granted, then Defendant will feel emboldened to distribute these intimate visual depictions to as many people as possible before the Court enters an order telling him not to do so. In other words, he might say that he was still within his rights to distribute these materials since no order would have been in place.

To use an illustration from popular culture, every *Mardi Gras* (i.e., on every Fat Tuesday, the day before Ash Wednesday), residents of the French Quarter in New Orleans engage in raucous displays of debauchery and drunkenness – because they know they will not be able to do any carousing during Lent. Similarly, if the Court orders that Defendant be given notice of Plaintiff's motion for restraining order, then Plaintiff respectfully submits that the pendency of the Court's hearing and subsequent order (i.e., the proverbial "Ash Wednesday") will only motivate the Defendant to distribute Plaintiff's material even faster, like it is *Mardi Gras*. Therefore, he asks that Notice be dispensed with.

This, the 10th day of January 2023,

                                              JOHN DOE

                                          /s/Matthew Wilson
                                BY: _____
                                          Matthew Wilson (TN BPR 028175)

Prepared by:
Matthew Wilson (TN BPR 028175)
The Law Office of Matthew Wilson
2218 W. Main Street, Suite B
Tupelo, MS 38801
Telephone: (662) 260-6544
Facsimile: (662) 546-4893
lawyermatt@betteraskmatt.com