IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:23-cv-00002 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| BRIAN SPENCER, et al., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This case is before the Court on Plaintiff John Doe's Motion for Temporary Restraining Order. (Doc. No. 6). Based on the Verified Complaint, Plaintiff's supporting Memorandum, the Certificate of Counsel, and the entire record, Plaintiff's Motion for a Temporary Restraining Order is **GRANTED** in part and **DENIED** in part. Specifically, the Court finds as follows:

1. Defendant has used the United States Postal Service to distribute intimate visual depictions of Plaintiff without Plaintiff's consent, as described in the Verified Complaint, which is actionable under 15 U.S.C. § 6851 (the "Act").

2. There is evidence of statements made by Defendant that indicate Defendant intends to continue disclosing intimate visual depictions of Plaintiff without Plaintiff's consent.

3. At present, it appears that Plaintiff is likely to succeed on the merits of his claims brought under 15 U.S.C. § 6851. The Act authorizes private action and injunctive relief against those who, using any means of interstate commerce, disclose intimate visual depictions of another with reckless disregard for whether they consented to such disclosure. The record appears to indicate Defendant has done just that and is likely to continue. (*See* Doc. No. 1 ¶¶ 16-24).

4. Plaintiff has demonstrated the imminent risk of further nonconsensual disclosures of intimate visual depictions of himself and humiliation from the same.

5. The Court finds that no security is required under Fed. R. Civ. P. 65(b).

6. The balance of harms among the parties weighs in favor of Plaintiff and against Defendant.

7. There is no harm to the public in granting the requested relief.

It is therefore **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendant Brian Spencer and all persons in active concert or participation with him are hereby restrained, enjoined, and prohibited from distributing intimate visual depictions of Plaintiff and from disclosing Plaintiff's identity to anyone else.

Plaintiff's Motion for a Temporary Restraining Order is denied as to the request that Defendant be prohibited from contacting Plaintiff or any member of his family because such relief is not provided for under 15 U.S.C. § 6851.

Pursuant to Fed. R. Civ. P. 65(d)(2), this Temporary Restraining Order binds the parties and any other persons in active concert with the parties. This Order is effective upon notice and service on Defendant and expires fourteen (14) days thereafter, absent further order of the Court.

This Order is entered into without prior notice and without argument by Defendant because of the nature of the relief requested, the potential harm faced by Plaintiff, and based on the Court's reliance on the certification of Plaintiff's counsel included with Plaintiff's motion. The Court will schedule a preliminary injunction hearing in a separate order. Plaintiff shall serve Defendant with a copy of this Order and all other papers that have been filed in this action as soon as possible.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE