**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:23-cv-00002** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **BRIAN SPENCER and FICTITIOUS** | ) | **MAGISTRATE JUDGE HOLMES** |
| **PERSONS 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Extend the Temporary Restraining Order. (Doc. No. 19). Plaintiff argues that the Court should extend the temporary restraining order pending a hearing on the motion for preliminary injunction. As additional grounds for the injunction, Plaintiff asserts Defendant violated the temporary restraining order by filing documents that disclose the identity of Plaintiff and Plaintiff's wife.

Defendant has filed a Memorandum in Opposition of Temporary Restraining Order (Doc. No. 14), but he has not responded to the new arguments raised in Plaintiff's Motion to Extend.[1] The Court finds, however, that it is not necessary to consider the additional grounds for the injunction raised in Plaintiff's motion to extent the temporary restraining order because even without considering Defendant's recent disclosure of Plaintiff's identity, the Court concludes a preliminary injunction should issue.

---

[1] The Court has not considered arguments raised in improper email communications received by Magistrate Judge Holmes' chambers. (*See* Doc. Nos. 22, 23).

# I. PROCEDURAL BACKGROUND

Plaintiff John Doe initiated this case on January 9, 2023, through the filing of a Verified Complaint. (Doc. No. 1). Plaintiff alleged Defendant used the United States Postal Service to distribute intimate visual depictions of Plaintiff without Plaintiff's consent and brings claims against Defendant under 15 U.S.C. § 6851 (Counts I-X) and various state law tort claims (Counts XI-XIV). (*Id.*). The following day, Plaintiff moved for a Temporary Restraining Order (Doc. No. 6), which the Court granted (Doc. No. 9). The Temporary Restraining Order, which was issued *ex parte* pursuant to Fed. R. Civ. P. 65, orders that the Defendant and all persons in active concert or participation with him are restrained, enjoined, and prohibited from distributing intimate visual depictions of Plaintiff and from disclosing Plaintiff's identity to anyone else. (*Id.*). The Order was effective upon notice and service of Defendant and expired fourteen days thereafter. (*Id.*). The record indicates Defendant received notice of the Verified Complaint and the Temporary Restraining Order on January 17, 2023. (Doc. Nos. 12, 13). Accordingly, by its terms, the Temporary Restraining Order expired on January 31, 2023.

Defendant, who is proceeding *pro se*, filed a response in opposition to the Temporary Restraining Order, which was received by the Court on January 27, 2023. (Doc. No. 14). On January 31, 2023, Plaintiff filed a motion to extend the Temporary Restraining Order. (Doc. No. 19).

# II. FACTUAL BACKGROUND

After threatening to disclose Plaintiff's intimate photos "like AOL discs back in the day" if Plaintiff would not send Defendant materials related to Plaintiff's relationship with Defendant's wife, on December 1 and 2, 2022, Defendant mailed at least ten intimate visual depictions of the Plaintiff to the Plaintiff's family, friends, and employers. (Doc. No. 1, ¶ 19). On December 16,

2

2022, Defendant emailed Plaintiff: "Nice to know you knew about the email and completely Ignored a simple request of anything regarding contact to be sent … I have ideas for days and can't think of a better person. I am sorry I upset your wife …" (*Id*. ¶ 24). Plaintiff sent Defendant a cease-and-desist letter the next day. (*Id*. ¶25).

On January 4, 2022, Plaintiff received a message from Defendant's Facebook account that stated: "Look who died, in an accident I think you know him so sorry …" with a link that appeared to be to an online video. (*Id*.). Plaintiff construed the message as a threat. However, it appears the message was sent to numerous people, likely the result of hacking, and was not actually a threat from Defendant to Plaintiff. (*See* Def. Resp., Doc. No. 14, Ex.3).

### III. ANALYSIS

Plaintiff originally sought and was granted a temporary restraining order. (*See* Doc. Nos. 6, 9). Defendant responded with a Memorandum in Opposition of the Temporary Restraining Order requesting that the Court lift the Temporary Restraining Order and remove it from his record. (Doc. No. 14). Motions for preliminary relief are governed by Federal Rule of Civil Procedure 65. Once there is notice to the adverse party, the same standard governs motions for temporary restraining orders and motions for preliminary injunction. Indeed, the only difference between the two is that a temporary restraining order may issue without notice to the adverse party upon the requisite showing. Now that Defendant has had an opportunity to respond to the request for preliminary relief, the Court will proceed to consider whether to enter a preliminary injunction.

The Court will conduct a hearing on a request for preliminary injunction when there are disputed material facts. However, "where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *Cert. Restoration Dry Cleaning Network, LLC v. Tenke Corp*., 511 F.3d 535,

553 (6th Cir. 2007). Here, the Court finds there are no disputes of material fact, and a hearing is, therefore, not required.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008)). The Court turns to each of these considerations.

1.   **Likelihood of success on the merits.** Plaintiff brings claims under 15 U.S.C. § 6851 (the "Act"), which authorizes private action and injunctive relief against those who, using any means of interstate commerce, disclose intimate visual depictions of another with reckless disregard for whether they consented to such disclosure. Defendant does not deny that he sent intimate images of Plaintiff to various persons in Tennessee. Defendant argues that the Plaintiff did not have an expectation of privacy in the images because Plaintiff sent the images to Defendant's wife via applications that were "in plain sight" on an iPad that is shared between the Defendant and other members of his family. (Doc. No. 14 at 3).

Defendant's argument regarding expectation of privacy is not relevant to the issue of whether Defendant sent intimate images without Plaintiff's consent. Defendant does not dispute that he did so. Accordingly, the Court finds Plaintiff is likely to succeed on the merits of his claim under 18 U.S.C. § 6851.

2.   **Likelihood of Irreparable Harm**. Plaintiff argues any further distribution of his intimate photos without his consent will cause irreparable harm in the form of additional humiliation and embarrassment. He adds that such distribution is not an action that can be undone and images that have been seen cannot be unseen.

4

Defendant argues that humiliation and shame to the Plaintiff is of Plaintiff's "own creation" and that an injunction should not issue because he does not pose a threat of harm to Plaintiff. (Doc. No. 14). Defendant asserts that he has not carried out his threat to "send [Plaintiff's] intimate visual depictions to [Plaintiff's] 'circle like AOL discs back in the day'" or his threat to make it his "life's focus to humiliate [Plaintiff]." (Def. Resp. Doc. No. 14 at 2). Indeed, Defendant argues that although he had "ample time and opportunity to create and wreak havoc" and to "plot and plan and ruin the Plaintiff's life," he has not done so. (*Id*. at 4). Defendant adds that Plaintiff's allegation of a death threat is false, and that Plaintiff could have easily learned that the ominous message was the result of Defendant's account being hacked. (*Id*. at 3).

The Court finds that Plaintiff is likely to be irreparably harmed absent an injunction. Setting aside the alleged death threat, which the Court agrees appears to have been the result of hackers, given Defendant's past actions, the Court is not convinced Defendant will refrain from disclosing intimate photographs of Plaintiff or otherwise disclosing Plaintiff's identity to others absent an injunction. Defendant's argument that Plaintiff's humiliation is of Plaintiff's "own creation" (Def. Resp., Doc. No. 14 at 3) does not persuade the Court to the contrary.

3. **Balance of Equities**. The Court finds that the balance of equities weighs in favor of granting a preliminary injunction. As stated above, the potential harm to Plaintiff of additional distribution of his intimate images is great. Defendant, on the other hand, will not be harmed by being prohibited from disseminating intimate images of Plaintiff.

4. **Public Interest**. The Court finds the public interest is served by granting the injunction. The relevant statue gives Plaintiff the right to seek injunctive relief and it in the public interest to preclude Defendant from further nonconsensual dissemination of Plaintiff's intimate photos. Not only will an injunction protect third parties from receiving such communications, if

5

Defendant were to engage in such conduct in the future, it would only serve to prolong this litigation. Accordingly, this factor weights in favor of granting the injunction.

## IV.    CONCLUSION

Plaintiff has shown a likelihood of success of proving at trial that Defendant disclosed intimate visual depictions of Plaintiff using a means of interstate commerce and that Plaintiff will suffer irreparable harm should Defendant make additional disclosures in the future. Although Defendant argues that he has not yet carried out his threats to disseminate Plaintiff's intimate photographs, given his past actions, the Court is not convinced he will refrain from such conduct absent an injunction.

Accordingly, Plaintiff's Motion to extend the temporary restraining order (Doc. No. 19) will be **GRANTED**.  An injunction will issue by separate **ORDER**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6