IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE | ) |
| | ) |
| v. | ) Case No. 1:23-0002 |
| | ) |
| BRIAN SPENCER and FICTITIOUS PERSONS 1-10 | ) |

**O R D E R**

Pending before the Court is Plaintiff's motion for a protective order (Docket No. 4), which essentially requests that Plaintiff be permitted to proceed pseudonymously in this action. Because the Court has already effectively granted that relief by issuance of a preliminary injunction against disclosure of Plaintiff's identity (Docket No. 26), Plaintiff's motion for a protective order (Docket No. 4) is GRANTED and Plaintiff is permitted to proceed pseudonymously, subject to further orders.

Additionally, the initial case management conference scheduled for March 7, 2023, at 10:30 a.m. (CT) is CANCELLED. Should Defendant retain counsel, the Court will reset the initial case management conference. If Defendant proceeds *pro se*, the Court will enter a separate scheduling order at a later date.[1]

If Defendant intends to retain counsel, he must promptly do so, and counsel must enter an appearance on behalf of Defendant by no later than **March 10, 2023**. If no counsel enters an appearance on behalf of Defendant by this date, he shall be deemed to be proceeding *pro se*.

---

[1] Cases with *pro se* parties are exempt from mandatory case management under the Court's Local Rule 16.01(c)(1).

If Defendant elects to proceed *pro se*, he will be granted some indulgences. However, Defendant is cautioned that the lenient treatment generally accorded to *pro se* litigants has limits and *pro se* parties must follow the same rules of procedure that govern other litigants. Further, it is incumbent on *pro se* parties, like all other litigants, to follow orders of the Court. Being a *pro se* litigant does not permit a party to simply ignore the Court's clearly communicated orders or deadlines.

Further, Defendant is cautioned that he must keep the Court and Plaintiff's counsel apprised of his current mailing address and other contact information, including of any change in address or other contact information. Failure to do so may result in adverse action, including entry of judgment against him. *See* Fed. R. Civ. P. 16(f).

The Clerk is directed to send a copy of this order to Defendant at the docketed address by regular mail only.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge