IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| JOHN DOE | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00002 |
| | ) |
| BRIAN SPENCER, et al. | ) |

**TO:** Honorable William L. Campbell, Jr., United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

This civil case, in which Defendant Brian Spencer ("Spencer" or "Defendant") proceeds *pro se*, has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* Order entered March 17, 2023 (Docket Entry No. 35).

Presently pending before the Court is Plaintiff's motion (Docket Entry No. 40) for summary judgment or, in the alternative, to dismiss a counterclaim brought by Spencer. No response in opposition to the motion has been filed. For the reasons set out below, the undersigned respectfully recommends that the motion be granted to the extent that Plaintiff seeks the dismissal of Spencer's counterclaim.

I. BACKGROUND

Based upon the proceedings that have taken place, the Court presumes the parties' familiarity with the case and there is no need to summarize the factual and procedural background. Only those matters relevant to resolution of the pending motion filed by Plaintiff

1

will be set out herein.[1]

Plaintiff seeks statutory, compensatory, and punitive damages, as well as injunctive relief, in this lawsuit. He alleges that Spencer distributed intimate visual depictions of Plaintiff without Plaintiff's consent in violation of Section 1309 of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851 (Counts I-X), and he also brings state law tort claims for negligence *per se* (Counts XI and XII), intentional infliction of emotional distress (Count XIII), and "publicity given to private facts" (Count XIV). In conjunction with filing his complaint, Plaintiff sought, and was granted, a temporary restraining order. *See* Order entered January 11, 2023 (Docket Entry No. 9) at 2. The Court ordered that "[Defendant] and all persons in active concert or participation with him are hereby restrained, enjoined, and prohibited from distributing intimate visual depictions of Plaintiff and from disclosing Plaintiff's identity to anyone else." By Order entered February 2, 2023 (Docket Entry No. 26), the Court extended the Temporary Restraining Order and directed that "Pursuant to Federal Rule of Civil Procedure 65(d)(2), this injunction binds the parties and any other persons in active concert with the parties. It is effective until an adjudication on the merits of Plaintiff's claims." *Id*.

In lieu of an answer, Spencer filed four motions to dismiss, raising various arguments for dismissal, including a lack of personal jurisdiction. *See* Docket Entry Nos. 28, 29, 30, and 31. A Report and Recommendation (Docket Entry No. 38) was issued, recommending that the motions be denied and that Spencer be required to answer the complaint. Although the Report and Recommendation was initially adopted and the motions were denied, *see* Order entered July 14, 2023 (Docket Entry No. 42), the District Judge subsequently granted Spencer additional time

---

[1] A more in depth factual and procedural summary is included in the Report and

to file objections to the Report and Recommendation. *See* Order entered July 26, 2023 (Docket Entry No. 45). Spencer filed objections (Docket Entry No. 46), which are currently pending before the District Judge for a decision.

After issuance of the Report and Recommendation, Spencer filed a "counterclaim against Plaintiff for pain and suffering brought on by the frivolous lawsuit lobbied against him." *See* Docket Entry No. 39. In this filing, Spencer does not set out a clearly defined legal claim but contends that the instant lawsuit against him is a frivolous lawsuit that was filed without supporting facts or legal precedent and that Plaintiff and his attorney have misled, deceived, and manipulated the Court. *Id*. at 1. Spencer contends that the lawsuit and the subsequent preliminary injunctive order have harmed him, and he seeks three million dollars in damages as a remedy for extreme stress caused by having to defend against the lawsuit, stress which he contends has caused him to recently suffer an intracerebral hemorrhage. *Id*. at 8.

By his pending motion, Plaintiff seeks the entry of summary judgment in his favor as to the counterclaim or, alternatively, the dismissal of the counterclaim for failure to state a claim for relief. Plaintiff argues that his lawsuit is clearly based upon legal claims that are viable and that Spencer fails to set forth any actual legal claim for relief that would support a counterclaim. *See* Plaintiff's Memorandum in Support (Docket Entry No. 41). Despite awareness of Plaintiff's pending motion[2] and despite making several other filings in the case after Plaintiff filed the motion, Spencer has not filed a response in opposition to Plaintiff's motion.

## II.  ANALYSIS

---

Recommendation issued on June 23, 2023. (Docket Entry No. 38.)
  [2] In his request for additional time to file objections to the Report and Recommendation, Spencer acknowledges reading Plaintiff's "opposition to the Defendant's counter suit." *See*

3

Initially, the Court declines to address Plaintiff's arguments within the stance of a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because this case is not in a procedural posture to address the merits of a summary judgment motion. Indeed, the pleadings in the case have not even been completed.

However, Plaintiff's request for dismissal of the counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief is appropriate at this stage of the case.³ Within the context of ruling upon a Rule 12(b)(6) motion, the pleading being challenged must provide the grounds for an entitlement to relief and consist of more than Alabels and conclusions.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully.@ *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The factual allegations at issue must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Spencer has not responded to the motion seeking dismissal of his counterclaim. Under Local Rule 7.01(a)(3), his failure to file a timely response to the motion permits the Court to deem the motion unopposed. Likewise, Spencer's failure to take action to defend against the request for dismissal of his counterclaim indicates that either he does not oppose the dismissal of

---

Docket Entry No. 43.

³ Rule 12(b)(6) applies to a motion to dismiss a counterclaim. *Am. Clothing Express, Inc. v. Cloudflare, Inc.*, 2021 WL 722730, at *3 (W.D. Tenn. Feb. 24, 2021).

his claim or that he has abandoned his claim. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) (Aif a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.@).

Furthermore, Plaintiff has set out well-reasoned arguments for dismissal of the counterclaim. The Court agrees with these arguments and finds that Spencer fails to set forth a plausible legal claim for relief. Stress, anxiety, or even medical suffering, that may arise from a party's need to defend against a lawsuit are not themselves legal grounds for a counterclaim. To the extent that Spencer's contention that the instant lawsuit is frivolous can be liberally construed as a claim brought under state law for civil malicious prosecution, one of the essential elements for such a claim is that the lawsuit alleged to be maliciously brought must have been terminated in favor of the party seeking relief for malicious prosecution. *See Roberts v. Fed. Exp. Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992). Given that the instant lawsuit is still ongoing, Spencer obviously cannot satisfy this element of a malicious prosecution claim. Additionally, although Spencer mentions negligence in his counterclaim filing, he fails to present any plausible theory of negligent conduct on the part of Plaintiff that would support a viable negligence claim.

In the absence of a response from Spencer that shows why his counterclaim should not be dismissed, it is not the duty of the Court to Aabandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.@ *Guarino v. Brookfield Township Trustees*, 980 F.2d

399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (AThis Court is not required to develop legal theories and arguments in Plaintiff=s stead in order to defeat the motion to dismiss.@); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

Even with the benefit of a liberal construction, as is to be afforded the filings of *pro se* litigants, the Court finds that the counterclaim brought by Spencer fails to state a plausible claim for relief and lacks merit. Accordingly, the counterclaim should be dismissed.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 40) be DENIED to the extent that Plaintiff seeks summary judgment but be GRANTED to the extent that Plaintiff seeks the dismissal of the counterclaim brought against him and that Defendant Spencer's counterclaim be DISMSISED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge