# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:23-cv-00002 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| BRIAN SPENCER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

On June 23, 2023, the Magistrate Judge issued a Report and Recommendation recommending Defendant's motions to dismiss (Doc. Nos. 28, 29, 30, 31) be denied and that Defendant be required to answer the complaint. (Doc. No. 38). Noting the absence of any timely objections to the Report and Recommendation, on July 14, 2023, the Court Adopted and Approved the Report and Recommendation and Denied Defendant's motions to dismiss. (*See* Order, Doc. No. 42). Shortly thereafter, however, Defendant, who stated that he did not receive the Report and Recommendation, filed a motion for extension of time to file objections. (Doc. No. 43). The Court granted the motion. Now before the Court are the Defendant's Objections to the Report and Recommendation (Doc. Nos. 45, 46), the Plaintiff's response (Doc. No. 47), and Defendant's response to Plaintiff's response (Doc. No. 48).

For the reasons stated herein, Defendant's objections to the Report and Recommendation are **OVERRULED**.

# I. BACKGROUND

The Complaint alleges that Defendant used the U.S. Mail to mail a total of nine envelopes to Plaintiff, his ex-wife, his adult child, several of his neighbors, and his place of business at addresses in Lewisburg, Tennessee, and Spring Hill, Tennessee. (*Id*., ¶¶ 16-22). Each envelope contained at least one of four different versions of a collage that included photographs and screen shots of sexually explicit images Plaintiff had sent to the Defendant's wife during an extra-marital on-line relationship. (*Id*.).

Before and after Defendant's alleged mailing, the parties exchanged a series of online messages. Notably, after the mailing, on December 16, 2022, Defendant sent an email to Plaintiff: "Nice to know you knew about the email and completely Ignored a simple request of anything regarding contact to be sent … I have ideas for days and can't think of a better person. I am sorry I upset your wife …" (Compl., Doc. No. 1, ¶ 24). Plaintiff's attorney sent Defendant a cease-and-desist letter on December 19, 2022. (*Id*.). On January 4, 2023, Plaintiff received a message from Defendant's Facebook account that stated: "Look who died, in an accident I think you know him so sorry …" (*Id*., ¶ 25). Plaintiff construed this message as a threat.[1] He filed this case on January 9, 2023, by filing a Verified Complaint.

Plaintiff alleges that Defendant's distribution of intimate visual depictions of Plaintiff without Plaintiff's consent violates Section 1309 of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851 (Counts I-X). He also brings state law tort claims for negligence per se (Counts XI and XII), intentional infliction of emotional distress (Count XIII), and "publicity given to private facts" (Count XIV).

---

[1] The Court has recognized that it appears the Facebook message was sent to numerous people, likely the result of hacking, and was not actually a threat from Defendant to Plaintiff. (*See* Order, Doc. No. 26 at 3 (citing Def. Resp., Doc. No. 14, Ex.3)).

Defendant filed four separate motions to dismiss arguing that the claims should be dismissed because: (1) Plaintiff failed to verify that the alleged Facebook threat was an actual threat; (2) Section 230(c) of the 1996 Telecommunications Act precludes liability for distributing content provided by another information content provider through an interactive computer service; (3) the Court does not have personal jurisdiction over him; and (4) requiring him to travel to Tennessee to defendant this lawsuit violates his Fifth and Fourteenth Amendment rights. The Magistrate Judge recommended that the motions to dismiss be denied. (Report and Recommendation, Doc. No. 38).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009); *Lea v. United States Dep't of Agric.*, 2018 WL 721381, at *1 (M.D. Tenn. Feb. 6, 2018) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Additionally, arguments not raised before the Magistrate Judge are not properly raised in an objection to a Report and Recommendation. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (6th Cir. 2000)) (table) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."). In conducting the review, the

court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

Defendant has raised a number of objections to the Report and Recommendation, which take the form of refiling the entire Report and Recommendation with a "response" in italics on any point on which the Defendant disagrees. For purposes of this review of Defendants objections, the Court addresses only those objections that were first raised before the Magistrate Judge and that are relevant to issues raised in the motions to dismiss.[2]

**A. Motion to Dismiss – Federal Rule of Civil Procedure 11(b)(3)**

Defendant argues dismissal is warranted under Federal Rule of Civil Procedure 11(b)(3) because the verified complaint involved an allegation that Defendant had threated his life by sending a Facebook message on January 4, 2023, without first engaging in due diligence to verify the message was an actual threat. (Doc. No. 28).

The Magistrate Judge recommended dismissal on these grounds be denied. (Doc. No. 38 at 7). First, she noted that Defendant failed to comply with the mandatory safe harbor filing requirement of Rule 11 prior to filing his motion. (*Id*.). Second, she found Plaintiff's inclusion of the Facebook message was neither a violation of Rule 11(b)(3) or fraud because "Plaintiff's perception of the message as a threat on his life was within the realm of reasonableness given the content of the message and the alleged actions of Defendant in this case that preceded the message." (*Id*.). Finally, the Magistrate Judge stated that Defendant's contention that Plaintiff's

---

[2] For this reason, the Court does not consider the applicability of contributory negligence, which Defendant raised in the Objections. (*See* Doc. No. 46 at 2). The Court will note that to the extent Defendant seeks to raise the affirmative defense of contributory negligence, the appropriate place to do so is in the answer to the Complaint.

lawsuit is "centered upon only the threat" is "nonsensical," noting that the Facebook messages is linked to only one of multiple claims. (*Id*. at 8).

Defendant objects to the Magistrate Judge's conclusions on grounds that: (1) he was unaware of the safe harbor in Rule 11 and had no time to comply with the safe harbor; (2) Plaintiff's perception of the Facebook message as an actual threat was not reasonable; and (3) he did not claim that the lawsuit was "centered" on the alleged death threat, only that it was the "tipping point" in Plaintiff bringing the lawsuit.

The Court finds the objections without merit. Defendant's failure to comply with the safe harbor of Rule 11(b)(3) is not excused by his lack of familiarity with the Rules or by the timing of the motion to dismiss. As the Magistrate Judge states, the safe harbor is mandatory. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). The Court also agrees with the Magistrate Judge that, given the alleged acts of the Defendant that preceded the message, it was not outside the realm of reasonableness for Plaintiff to construe the message as an actual threat. In any event, inclusion of the fact that he received the message was neither a violation of Rule 11 nor fraud.

**B. Motion to Dismiss – Telecommunications Act**

Next, Defendant moves to dismiss the complaint based on the Communications Decency Act of 1996, 47 U.S.C. § 230(c). The Magistrate Judge recommended Defendant's motion be denied because he had provided no legal support that Section 230(a) of the Communications Decency Act immunizes him from legal liability for disclosing sexually explicit pictures of Plaintiff. (Doc. No. 38 at 8-10). The Magistrate Judge examined the specific statutory language and concluded that it does not apply to the claims in this case. (*Id*.).

In his objections, Defendant restates his argument to the Magistrate Judge: "I would again here refer to the above Laws in regards to 'Copies' and that the Alleged explicit material was

created by Plaintiff himself it was posted to an interactive site…" (Doc. No. 46 at 20). Defendant concedes he has not provided case law to support his argument, but argues that the Magistrate Judge also did not provided case law. (*Id.*).

These objections are without merit. The Magistrate Judge did, in fact, provide case law regarding the Communications Decency Act. (*See* Doc. No. 38 at 8-10). The Court is not persuaded that Section 230(c) of the Communications Decency Act has any application to this case.

### C. Motion to Dismiss – Fifth and Fourteenth Amendment to the United States Constitution and Personal Jurisdiction

Defendant's third and fourth motions to dismiss argue that this case should be dismissed for lack of personal jurisdiction and, relatedly, because requiring Defendant to answer to claims in Tennessee violates his right to due process. (Doc. Nos. 30, 31).

The Magistrate Judge found that Defendant is subject to specific personal jurisdiction in Tennessee by virtue of his contacts with the forum – mailing intimate visual depictions of Plaintiff to addresses of residents and businesses in Tennessee. (Doc. No. 38 at 10-11). The Magistrate Judge explained:

> Defendant engaged in no less than nine actions to create contacts with Tennessee when he mailed nine envelopes containing the offending materials to Tennessee residents and a business address within Tennessee. These were not random or fortuitous, or attenuated contact Defendant had with Tennessee. These were targeted, purposeful actions specifically directed at Tennessee and intended to cause specific harm to Plaintiff within Tennessee by disclosing the offending materials to Tennessee residents within this State.

(*Id.*).

Defendant objects to the Magistrate Judge's conclusion that he is subject to personal jurisdiction in Tennessee. He contends that under *Walden v. Fiore*, 571 U.S. 277 (2014), he is not subject to personal jurisdiction in this forum because "minimum contacts analysis looks to the

6

Case 1:23-cv-00002 Document 54 Filed 03/04/24 Page 6 of 9 PageID #: 373

defendant's contact with the form State itself, not the defendant's contacts with **persons who reside there**." (Doc. No. 46 at 25 (emphasis in original)). He also argues it was not foreseeable that he would be subject to personal jurisdiction in Tennessee, in part because Massachusetts does not have a "revenge porn law," and he never availed himself of "any of the protections or other services of Tennessee law or any other services provided by the state." (*Id*. at 10-11, 26). Defendant also cites *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), at length. (Doc. No. 46 at 21). Finally, Defendant objects to the Magistrate Judge's consideration of the effects of the mailing on persons other than the Plaintiff. He contends this "enter[ed] facts that are not in evidence," and argues "there is no mention of any other recipient coming forward with suit of looking to the court for relief." (Doc. No. 46 at 24). In sum, Defendant asks the Court to reconsider the recommendation to exercise personal jurisdiction. (*Id*. at 25).

The Court finds the Magistrate Judge's analysis of personal jurisdiction to be sound. Because Defendant focuses only on due process limits to personal jurisdiction, the Court will limit its analysis to that issue.

The Fourteenth Amendment's Due Process Clause limits state courts' ability to exercise jurisdiction over an out-of-state defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). "Due process requires the defendant to possess 'certain minimum contacts with' the forum State 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Johnson v. Griffith*, 85 F.4th 429, 432 (6th Cir. 2023) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted)). Here, the Court considers whether Defendant's "case-related contact" with Tennessee are sufficient for specific personal jurisdiction over Defendant.

7

The Sixth Circuit has recently explained that specific jurisdiction over an out-of-state defendant requires that the defendant's "suit-related conduct" show a "substantial connection with the forum State." *Johnson*, 85 F.4th at 433 (citing *Walden*, 571 U.S. at 284). "Tortious conduct satisfies this requirement when the defendant intentionally cultivates contacts with the forum State, as opposed to forming 'random, fortuitous, or attenuated contacts.'" *Id*.

In *Johnson*, the Sixth Circuit considered whether Kathy Griffith was subject to personal jurisdiction in Tennessee based on "a series of tweets to her two million Twitter followers asserting that [a Tennessee resident] had engaged in homophobic conduct." *Id*. at 431. "She encouraged her followers to make him 'online famous' and tagged his company. She then asked his employer to 'remove[]' him from the Board of Directors" and threatened that the "nation w[ould] remain vigilant." *Id*. The Court found Griffith was subject to personal jurisdiction in Tennessee because her conduct concerned the Tennessee activities of a Tennessee resident, impugned the professionalism of the Tennessee resident whose career was in Tennessee, and Griffith "intended the 'brunt of the harm' would befall" the Tennessee resident in Tennessee. *Id*.

Defendant argues that under *Walden*, he is not subject to personal jurisdiction in Tennessee because his contacts are limited to contact with people who reside in the state, not the state itself. Defendant is mistaken. His conduct in mailing the offensive materials to Tennessee residents in Tennessee, the very conduct from which the claims arise, is what subjects him to personal jurisdiction in this forum.[3]

---

[3] The Magistrate Judge's recognition that individuals in Tennessee are alleged to have received the mailing does not "inject facts not in evidence." The complaint alleges the mailings were sent to and received by individuals in Tennessee. However, Defendant is correct that the complaint does not assert claims on behalf of individuals other than Plaintiff.

The circumstances in *Walden* are distinguishable. 571 U.S. at 281. In that case, professional gamblers from Nevada sued an officer for seizing their cash at a Georgia airport. *Id*. at 281. Although the officer knew the gamblers lived in Nevada, he had never conducted activities in or contacted anyone in Nevada, and his alleged torts against the Nevada residents occurred in Georgia, not Nevada. *Id*. at 288. If Defendant had mailed the offensive materials to Plaintiff's friends and family in a state other than Tennessee, *Waldon* would be more applicable, and the personal jurisdiction analysis would likely have a different result. Under the circumstances here, however, personal jurisdiction over Defendant in Tennessee does not violate due process.

## IV. CONCLUSION

For the reasons stated, Plaintiff's objections are overruled and the Court's order adopting and approving the Report and Recommendation and denying the motions to dismiss (Doc. No. 42) is hereby amended to incorporate the Court's consideration of Defendant's Objections as stated in this Memorandum. The ultimate disposition, however, is unchanged.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

9

Case 1:23-cv-00002   Document 54   Filed 03/04/24   Page 9 of 9 PageID #: 376