IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00002 |
| | ) | Campbell/Holmes |
| BRIAN SPENCER | ) | |

## **O R D E R**

For the reasons set out below, (1) Defendant's motion for an extension of time to file an answer (Docket Entry No. 59) is **GRANTED**, as modified, and **Defendant shall file his answer by May 15, 2024,** and (2) Plaintiff's motion for partial summary judgment (Docket Entry No. 66) is **DENIED WITHOUT PREJUDICE**.

By Orders entered March 4, 2024 (Docket Entry Nos. 54 and 55), the Court denied several motions to dismiss that were filed by the *pro se* Defendant, dismissed Defendant's counterclaim without prejudice, and denied as moot Plaintiff's motion for summary judgment or to dismiss. Defendant Spencer was directed to file an answer to the complaint no later than April 1, 2024. *See* Order entered March 8, 2024 (Docket Entry No. 56).

Instead of filing an answer, Defendant filed (1) a notice of appeal of the March 4, 2024, Orders, *see* Docket Entry Nos. 57 & 58, and (2) a motion for an extension of 14 days to file his answer (Docket Entry No. 59). Defendant also filed in this Court copies of his appellant brief. *See* Docket Entry Nos. 60 & 61. On April 26, 2024, the Sixth Circuit Court of Appeals dismissed Defendant's appeal for lack of jurisdiction. *See* Docket Entry No. 64.

On the same day that the appeal was dismissed, Plaintiff filed the pending motion for partial summary judgment or, in the alternative, for default judgment. Plaintiff argues that partial summary judgment is warranted because of "admissions" that Plaintiff contends were made in Defendant's appellate brief. Alternatively, Plaintiff argues that the entry of default and

a default judgment are proper because a stay was not entered while the appeal was pending and Defendant has failed to file an answer as directed by the Court. *See* Memorandum in Support (Docket Entry No. 67).

Given the proceedings that have occurred in this case, it is apparent that Defendant has taken steps to defend against Plaintiff's lawsuit. Although no stay was entered upon his filing of the notice of appeal, he did file a motion for an extension of time to file his answer. Because the Court was unable to address that motion before the requested 14-day extension expired, it may have been unclear to the *pro se* Defendant exactly when his answer was due. Accordingly, the Court **GRANTS** Defendant's request to extend the time to file his answer *nunc pro tunc*. Because the time requested by Defendant has now expired, the Court finds that it is appropriate to extend this time beyond the requested 14 days. **Defendant must file his answer by May 15, 2024. No further extension will be granted.**

The Court has now provided additional time for Defendant to file an answer, and the entry of default and default judgment is not warranted at this time. Furthermore, because the pleadings in this action are clearly not closed, the Court finds that any request for summary judgment, even a request for partial summary judgment, is premature at this time. This is especially so when the request for summary judgment is based largely upon Defendant's failure to file an answer.[1] Accordingly, Plaintiff's motion for partial summary judgment or, in the alternative, for the entry of default and default judgment is **DENIED** as premature **WITHOUT PREJUDICE** to being refiled at a later time.

---

[1] The Court acknowledges that Plaintiff also supports his motion with "admissions," which Plaintiff contends were made in Defendant's appellate brief. Because the Court denies Plaintiff's motion as premature, there is no need to address the issue of whether the content of an

Upon the filing of Defendant's answer, the Court will enter a scheduling order that sets out deadlines for further pretrial activity in the case.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

appellate brief suffices as evidence that can support a motion for summary judgment.