# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE COLUMBIA DIVISION

Counter Claimant
    *Defendant*

v.                                    CIVIL ACTION NO. 1:23-cv-00002

John Doe
Counter Defendant

---

    NOW COMES The Defendant Brian E Spencer in response to Hon. Judge Holmes most recent ORDER (Document 62).

    On March 4th 2024 an order was issued by Judge William Campbell in which it was the Courts decision that there was in fact jurisdiction over the Defendant to which the Defendant was also ordered to submit an answer form.

Defendant Brian Spencer Pro Se did not file the answer sheet for the initial Complaint that Wilson claims is Verified. Defendant chose to file his notice of appeal followed by a request for more time to consider the answer sheet. The Defendant again being Pro Se has to manage the researching of the process and thanks the court for it's patience. The Defendant reached out to USAC in Ohio knowing the Clerk of any court is not allowed to provide legal advice and without much information regarding the rules of court the defendant simply asked who to pay in order to file his Interlocutory Appeal to which he was directed to the Tennessee District court by the Case Manager in Ohio. Defendant Brian Spencer began the process via the Case Manager in Tennessee: the payment was made to Tennessee and documented as paid 4/16/2024. Defendant also submitted his Interlocutory appeal brief to Tennessee as instructed by both Tenns Ohio USAC 6th circuit. The Court in turn sent to the USAC in Ohio documents #57 (Notice of Appeal) and documents #54 and #55, both of which are orders from Judge Campbell. The Court did not send document #60 and #61, the submitted Interlocutory Appeal; please note it was also uploaded to PACER on 4/16/24. On 4/26/24 USAC ruled on the erroneously submitted documents (case 24-5251) as lack of jurisdiction as the case was not completed and the fee which was for the Interocatory Appeal submitted on 4/16/24 was applied to this case. Judge Holmes, on 4/17/24, issued an order stating that Defendant's Interlocutary Appeal was to be forwarded by the Clerk to the USAC and to remind Defendant Spencer "that all other submissions in connection with pending appeal" was to be sent to the court of Appeals.

Doe V Spencer 1:23-cv-00002

Upon receiving the USAC decision VIA U.S. Mail and a response from Wilson in the form of a Motion for Summary Judgement Defendant again spoke to the case manager at USAC in Ohio and was informed that his actual brief (Doc. 60, 61) that was ordered to be sent by Hon. Judge Holmes to the USAC was not what had been and was yet to be received from the Tennessee Federal Court. The USAC in Ohio based the appeal on documents (#57, #54 & #55 ) sent by Tennessee which was docketed as 24-5251 and dismissed. In speaking with the Case Manager of the USAC on 4/30/24, the Defendant was advised that the Interlocutory Appeal had been received by US Mail from the Defendant (which was mailed to insure it would be received by USAC) and was subsequently docketed 24-5417 however he would have to pay an additional fee of $600 in order for the new submission to be heard, which was paid on 5/3/24.

The Defendant would respectfully Motion the court to issue a refund of the first 605.00 fee that was submitted to the Tennessee Court as the appeal that was sent was not of his creation it was in fact sent mistakenly or wrong documents were forwarded as the USAC who ruled they did not have Jurisdiction until the case was over unless it was an Interlocutory appeal, which is what was submitted but not sent via the Tennessee Court despite the cover page clearly stating Writ of Prohibition. The Defendant spoke with case managers in both Ohio and Tennessee several times on 5/3/24 to confirm filing process and both case managers confirmed that the starting point was with the Tennessee court so the process followed by the Defendant was correct yet the documents sent to the USAC were not. On 4/16/24 the wrong documents were sent despite the Writ of Jurisdiction(#60&#61) also being uploaded and available, in attempt to possibly rectify this Judge Holmes sent order that the Clerk was to send this to USAC. As Defendant Spencer stated the court in Ohio had not received it from Tennessee as of 4/30/24. Additionally, the directive of Judge Holmes for the Defendant to send additional documents directly to the Court of Appeals is somewhat misleading because the Writ of Prohibition (#60 & #61) is not additional information, it was the only information Defendant was submitting. In prematurely sending documents #57, #54 & #55 the Tennessee court used the fee intended for the Writ of Prohibition resulting in an additional cost of $600 to the Defendant. As such, the Defendant Brian Spencer respectfully requests a refund of the initial $605.00 which was used for the initial incorrect submission to the Court of Appeals.

Doe V Spencer 1:23-cv-00002

## CERTIFICATION OF SERVICE

I, Brian Spencer certify that on this day, I have mailed , a true and correct copy of the aforesaid response to the Plaintiffs Attorney as I am restricted from contacting or having the Plaintiff Contacted on my behalf at the following address.

Attorney Matthew Wilson

2218 W. Main St. Suite B

Tupelo, MS 38801

RESPECTFULLY SUBMITTED, on this the 8th day of May. 2024

Brian E. Spencer Pro-Se

_____ Date ___05/08/24_____

Doe V Spencer 1:23-cv-00002