IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| JOHN DOE ) | |
| ) | Case No. 1:23-cv-00002 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| BRIAN SPENCER ) | |

## MEMORANDUM ORDER

Pending before the Court are several motions, which for the reasons discussed below, are disposed of as follows: (1) Plaintiff's motion for entry of default (Docket Entry No. 71) is **DENIED**; (2) Defendant's motion to stay (Docket Entry No. 76) is **DENIED**; and, (3) Plaintiff's motion for citation of contempt and/or for default judgment (Docket Entry No. 77) is **DENIED**. However, other sanctions against Defendant are warranted as discussed in more detail below.

As further set out below, Defendant is given a final deadline of **February 18, 2025**, to file an answer in this case. **Defendant is cautioned that failure to file an answer shall subject him to the provisions of Rule 8(b)(6) of the Federal Rules of Civil Procedure – specifically that Plaintiff's allegations will be treated as admitted – without necessity of further order.**[1]

---

[1] The rule states, in pertinent part, as follows:

*Effect of Failing to Deny.* An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.

Fed. R. Civ. P. 8(b)(6)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court presumes the parties' familiarity with the case and recites only the factual and procedural background necessary for providing context to or explaining resolution of the pending motions.

Plaintiff seeks statutory, compensatory, and punitive damages, as well as injunctive relief, against the *pro se* Defendant based on (1) claims under Section 1309 of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851, for the distribution of intimate visual depictions of Plaintiff without his consent (Counts I-X), and (2) state law tort claims for negligence *per se* (Counts XI and XII), intentional infliction of emotional distress (Count XIII), and "publicity given to private facts" (Count XIV). *See* Verified Complaint (Docket Entry No. 1). Shortly after the lawsuit was filed, the Court granted Plaintiff's request for preliminary injunctive relief and ordered that "[Defendant] and all persons in active concert or participation with him are hereby restrained, enjoined, and prohibited from distributing intimate visual depictions of Plaintiff and from disclosing Plaintiff's identity to anyone else." *See* Order entered January 11, 2023 (Docket Entry No. 9) at 2, and Order entered February 2, 2023 (Docket Entry No. 26).

In lieu of filing an answer, Defendant filed four motions to dismiss that raised several defenses, including lack of personal jurisdiction. He also asserted a counterclaim against Plaintiff. By Orders entered March 4, 2024 (Docket Entry Nos. 54 and 55), the Court denied the motions, dismissed Defendant's counterclaim, and denied as moot Plaintiff's motion for summary judgment or to dismiss. With the early motions to dismiss resolved, the Court gave Defendant a deadline of

2

April 1, 2024, to file an answer to the complaint. *See* Order entered March 8, 2024 (Docket Entry No. 56).

Instead of filing an answer, Defendant (1) sought appellate relief in the Sixth Circuit Court of Appeals ("Sixth Circuit") from the Court's order denying his motions to dismiss (Docket Entry No 57) and (2) filed a motion for an extension of fourteen (14) days to file his answer (Docket Entry No. 59). On April 26, 2024, the Sixth Circuit dismissed Defendant's appeal for lack of jurisdiction because Defendant was not appealing from a final decision or an appealable collateral order. *See* Appellate Order in Case No. 24-5251 (Docket Entry No. 64). Another appellate filing by Defendant has been docketed in the Sixth Circuit as a petition for a writ of mandamus or prohibition and remains pending before the appellate court. *See* Case Manager Letter in Case No. 24-5457 (Docket Entry No. 69).

During this time period, Plaintiff filed a motion for partial summary judgment or, in the alternative, for default judgment. (Docket Entry No. 66.) Plaintiff argued that Defendant made "admissions" in his appellate brief and that entry of default and a default judgment were proper because a stay was not entered while the appeal was pending and Defendant failed to file his answer as directed by the Court. (*Id*. and Docket Entry No. 67.) By Order entered May 2, 2024, the Court granted *nunc pro tunc* Defendant's motion to extend the deadline to file his answer, set a deadline of May 15, 2024, for Defendant to file an answer, and denied Plaintiff's motion for partial summary judgment or default judgment without prejudice. (Docket Entry No. 68.) In the Order, the Court noted that no further extension of the deadline for Defendant to answer would be granted. (*Id*. at 2.)

3

Defendant did not file an answer by the May 15 deadline, prompting Plaintiff to file the pending motion for entry of default. (Docket Entry 71.) By Order entered May 30, 2024, the Court took this motion under advisement and gave the following directive to Defendant:

> **Accordingly, by no later than June 14, 2024, Defendant must show cause why default should not be entered against him because of his failure to comply with the Court's directive to file an answer by May 15, 2024. Defendant's response – that is, his showing of good cause – <u>must be accompanied by his answer to Plaintiff's complaint and by a motion for leave to accept the untimely answer</u>. Defendant is warned that his failure to comply with the Court's directive may result in the entry of default against him, the entry of default judgment against him, and/or the imposition of other sanctions as the Court determines appropriate.** (emphasis in original).

(Docket Entry No. 75 at 2-3.)

In a timely response to the show cause order, Defendant requests a stay pending appeal and sets forth arguments explaining his actions. (Docket Entry No. 76.) Defendant essentially raises three arguments: (1) the proceedings in this Court should be stayed until the Sixth Circuit rules on his pending appellate petition in which argues that this Court does not have jurisdiction over him; (2) filing an answer would forfeit or nullify his appellate argument that this Court does not have personal jurisdiction over him; and, (3) he may face criminal consequences by answering and he would invoke his Fifth Amendment rights if required to answer prior to a ruling from the Sixth Circuit. (*Id*.) Defendant's response, however, was not accompanied by either an answer or a motion for leave to file an untimely answer. Nor did Defendant request an extension of the time to answer.

Plaintiff thereafter filed the instant Motion for Citation of Contempt and/or for Default Judgment. (Docket Entry No. 77.) Plaintiff asserts that while Defendant's motion to stay raises issues that could arguably be construed as a response to the show cause order, Defendant has

4

nonetheless failed to comply with the Court's specific directive that he attach to his response an answer and a motion to file an untimely answer. Plaintiff argues that the Court should issue an order finding Defendant in contempt of court and, under Federal Rules of Civil Procedure 16(f) and 55,[2] should sanction Defendant's non-compliance by entering default against him, entering default judgment against him in the amount of $1,350,000.00 as statutory liquidated damages on Counts II-X of the complaint, and awarding attorney's fees and costs in the amount of $10,100.00. (*Id*. at 2-3.) Plaintiff also seeks the entry of a permanent injunction prohibiting Defendant from ever disclosing Plaintiff's identity or any intimate visual depiction of the Plaintiff. (*Id*. at 3.)

Defendant responds to the motion by pointing out what he believes are several unethical or objectionable actions by Plaintiff's attorney and by asserting that he has been harassed, terminated, received several 'verified' recorded death threats, suffered a major stroke and lost a marriage. (Docket Entry No. 78.) Defendant asks that Plaintiff's motion for contempt be denied and this case be dismissed because of the actions of Plaintiffs' attorney, and he further asserts that he could not pay any award of monetary damages because "the recent actions and submissions has also forced the defendant into bankruptcy." (*Id*. at 2.)

Despite his statement about being forced into bankruptcy, Defendant does not attach to his response any documentation evidencing the filing or pendency of a current petition for bankruptcy relief, and the Court notes that the NextGen electronic docket for the United States Bankruptcy Court for the District of Massachusetts, where Defendant resides, does not show that Defendant has

---

[2] Unless otherwise noted, all references to "Rule" and "Rules" are to the Federal Rules of Civil Procedure.

5

sought bankruptcy protection since the 2022, when the incidents that gave rise to this litigation are alleged to have occurred.³ If Defendant has, in fact, filed a petition for bankruptcy relief since October 12, 2022, he must promptly notify Plaintiff's counsel and the Court, with supporting documentation, as that filing would trigger the automatic stay provisions of the Bankruptcy Code, including as to this action.

## II. LEGAL STANDARDS AND ANALYSIS

Rules 8, 12 and 55, when read together, contemplate that a defendant shall respond to a pleading with an answer, either initially or upon the denial of a Rule 12 motion to dismiss. Further, Rule 8(b)(6) specifically provides that an allegation in a pleading, other than one relating to the amount of damages, "is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Defendant appears to not grasp the import of these Rules despite the Court's specific directive to him that it is time to file an answer in this case.

Defendant also appears to not grasp the fact that a party's failure to comply with the Court's specific orders and directives may result in consequences and the imposition of sanctions against the noncompliant party. Rule 16(f) allows for imposition of sanctions, including default judgment under Rule 37(b)(2)(A)(vi), if a party "fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C); *see also Bass v. Jostens*, 71 F.3d 237, 241 (6th Cir. 1997) (district court may sanction a party who fails to comply with a discovery or other pretrial order in several ways, including disposition of the case). Further, it is well-established that a federal court has the inherent authority and discretion to

---

³ The electronic docket for the District of Massachusetts Bankruptcy Court shows that a voluntary petition for chapter 7 bankruptcy relief was filed jointly by Brian Spencer and Susan Spencer in 1999 and that those individuals received a chapter 7 discharge, also in 1999.

enforce its own orders by finding a party to be in contempt of court. *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50 (1991) (discussing the broad scope of a court's inherent authority to enforce its own orders). The imposition of sanctions and the type of sanctions imposed are within the sound discretion of the trial court, based on the particular facts of the case. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976); *Harmon v. CSX Transportation, Inc.,* 110 F.3d 363, 366-67 (6th Cir. 1997); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

As Plaintiff correctly points out, Defendant has clearly not complied with two specific directives issued by the Court: (1) the directive set out in the May 2, 2024 Order that he file an answer by May 15, 2024, and (2) the directive set out in the May 30, 2024 Order that he attach to his show cause response a copy of his answer and a motion for leave to file an untimely answer. Although Defendant attempts to explain why he has not complied with these directives, the Court finds little merit in any of his excuses.

First, there is no support for Defendant's request to stay the proceedings in this case until the Sixth Circuit addresses his petition for a writ of mandamus or prohibition. His motion for a stay (Docket Entry No. 76) is accordingly **DENIED**. Although the district court generally loses jurisdiction over an action when a party files a notice of appeal, *see Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), the district court "retains jurisdiction over a case when an appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394-95

7

(6th Cir. 1993) (quoting *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)) (cleaned up). The Sixth Circuit has already dismissed Defendant's appeal of the order that denied his motion to dismiss, finding that the order is not a final appealable order or an appealable collateral order and, therefore, appellate jurisdiction does not exist. (Docket Entry No. 64.) Defendant's attempt to recast a fruitless, premature appeal of the denial of his motion to dismiss as a petition for a writ of mandamus or prohibition does not change the fact that the Court's decision denying his motion to dismiss is not immediately appealable.[4] Unless otherwise directed, the proceedings in this case will continue of Defendant's current filing in the Sixth Circuit.[5]

Second, the filing of an answer by a party whose motion to dismiss for lack of personal jurisdiction has been denied does not waive or forfeit the party's ability to raise appellate arguments contesting the denial of such a motion. Indeed, if Defendant's position were accepted, every order at the trial court level denying a Rule 12(b)(2) motion would essentially trigger an automatic stay of the

---

[4] Upon denying Defendant's motion to dismiss, the Court did not certify an interlocutory appeal and a stay of proceedings under 28 U.S.C. § 1292(b). Further, Defendant did not request certification for an interlocutory appeal and stay, nor would such a request have had merit given that interlocutory review under Section 1292(b) "should be sparingly applied" and "is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). *See also In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) ("[A]n interlocutory appeal from a denial of a motion to dismiss should not be granted cavalierly."); *Jackson Cnty. Employees' Ret. Sys. v. Ghosn*, 2021 WL 2400302, at **3-5 (M.D.Tenn. June 11, 2021). (Campbell, J.) (order denying motion to dismiss based on lack of personal jurisdiction was not an appealable interlocutory order).

[5] While this Court certainly cannot predict an outcome of Defendant's petition for writ of mandamus, nor would it be appropriate to do so, the Court must, at a minimum, be satisfied that there is a reasonable basis to proceed in this case and to that end notes the Supreme Court's direction that mandamus may not be employed as a substitute for appeal, *Will v. United States*, 389 U.S. 90, 97-98 (1967), or to "thwart the congressional policy against piecemeal appeals." *Id*. at 104 (internal citations omitted).

proceedings for an immediate appeal. Such a scenario is clearly not authorized by the Civil Rules or by case law. *Dunbar v. Prelesnik*, No. 16-1374, 2016 WL 11618615, at *2 (6th Cir. Oct. 27, 2016) ("Accordingly, when the district court denied the defendants' motion to dismiss, the defendants were required to file an answer within fourteen days.") (citing to Fed. R. Civ. P. 12(a)(4)(A)). Such a position is also contrary to the principle that only final orders or those that arise in exceptional circumstances are immediately appealable.

Finally, Defendant's assertion that he would invoke his Fifth Amendment right against self-incrimination if required to file an answer does not justify his wholesale refusal to file an answer. To be sure, the Fifth Amendment's privilege against compulsory self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983). However, the general assertion of the Fifth Amendment privilege does not give a party the absolute discretion to ignore orders from the Court or to circumvent the provisions of the Federal Rules of Civil Procedure. *Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985). Furthermore, Defendant has not actually asserted a Fifth Amendment privilege, and to do so, he would be required to specifically invoke it in response to each individual allegation in the complaint. *Id*. Merely making a general or blanket assertion of the privilege is not sufficient.[6]

---

[6] The Court notes that Defendant states in his response, "There is also criminal concern for the Defendant as the court has already refused previously to confirm whether there is a criminal

9

Thus, with Defendant having offered no persuasive argument excusing his conduct, the Court is left with the question of what to do with this *pro se* party given his failure to file an answer as directed by the Court and in consideration of Plaintiff's two pending motions. At this point, the Court finds it most expedient to address the specific relief that Plaintiff requests as sanctions for Defendant's conduct: (1) entry of default; (2) entry of default judgment and an award of monetary and equitable relief; and, (3) a finding of contempt.

Plaintiff first seeks the entry of default against Defendant. (Docket Entry No. 71.) However, the Court finds that entry of default against Plaintiff under Rule 55 is not warranted, and this motion is accordingly **DENIED**.[7] There is a "strong preference for trials on the merits," as opposed to the entry of default against a defendant. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Although Defendant has obviously not responded to the amended complaint via a pleading in the form of an answer, he has nonetheless taken steps to "otherwise defend" against the lawsuit through his motions to dismiss, his appeals, and his active litigation in the case. Entry of default under Rule 55(a) is not appropriate where a defendant engages in "[a]cts

---

charge that would also be brought against the Defendant in this case." (Docket Entry No. 76 at 3.) This statement is, at best, misleading. The Court has not taken any action in this case that can be reasonably construed as an expression of the Court's opinion about whether criminal charges may or may not be brought against Defendant. Indeed, offering such an opinion would be improper as decisions about whether to initiate criminal prosecutions are not within the jurisdiction of the judicial branch.

[7] Although Rule 55(a) gives the clerk the authority to enter default, the Court itself may decide the issue of entry of default. *McGinnis v. Rentech Sols., Inc.*, No. 2:11-cv-00670, 2012 WL 1537611, at *1 (S.D. Ohio May 1, 2021); *Dow Corning v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.") (quoting 10A Charles Allan Wright et al., Federal Practice & Procedure § 2682 (3d ed.1998)).

that show an intent to defend ... ." Rule 55(a) advisory committee's note to 2007 amendment. *See also Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (Table), 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) ("[A]lthough [Defendant] did not file an answer to [Plaintiff's] complaint, she did 'otherwise defend' herself with a motion to dismiss."). The facts before the Court show an intent by Defendant to defend against the case and do not show a situation in which Defendant has chosen to disregard the lawsuit brought against him or has chosen to not take steps, or to take only minimal steps, to defend against the lawsuit.

The Court's disinclination to find Defendant in default at this juncture should not, however, be construed by Defendant as an invitation to continue his disregard for the Court's orders. Rule 55(a) also provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Although the Sixth Circuit has not spoken definitively on the issue of whether default can be entered against a party who has answered, the majority of circuits considering that question have broadly imposed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2nd Cir. 2011) (collection of cases).[8] Under the plain language of Rule 55(a), entry of default is warranted against a

---

[8] In at least one case, the Sixth Circuit discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed.R.Civ.P. 41." *See Smith v. Commissioner of Internal Revenue,* 926 F.2d 1470, 1478 (6th

11

defendant who effectively fails to "otherwise defend," including by failing to comply with a court's orders. *Jie Xiao*, 2013 WL 4039371, at *5) (corporate defendant's failure to comply with court's order to obtain counsel is failure to defend under Rule 55(a) warranting default) (citations omitted).[9]

Turning now to Plaintiff's request for default judgment as a sanction (Docket Entry No. 77), the Sixth Circuit has articulated the following four factors to be considered in deciding whether default judgment is a proper sanction to assess for a party's failure to comply with court orders: (1) whether the party's failure to comply is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to abide by court orders; (3) whether the party subject to the default was warned that failure to cooperate could lead to default; and, (4) whether less dramatic sanctions were imposed or considered before default was ordered. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F.App'x 928, 934 (6th Cir. 2020); *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019); *Grange Mut. Cas. Co. v. Mack*, 270 F.App'x 372, 376 (6th Cir. 2008); Entering default judgment against a party "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Therefore, default judgment should be considered only when "no

---

Cir.1991). In *Smith,* however, it was unnecessary for the Court to decide which interpretation was correct.

[9] Further, as noted above, Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may enter judgment as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

alternate sanction would protect the integrity of the pre-trial proceedings." *Davis v. City of Dearborn*, 2011 WL 1060744, at *2 (E.D.Mich. Mar. 23, 2011) (citations omitted); *Stooksbury v. Ross*, 2012 WL 262888, at *2 (E.D. Tenn. Jan. 30, 2012).

The first three factors weigh in favor of Plaintiff's motion. Defendant has offered no legitimate explanation for his non-compliance, which is reasonably attributable to some level of fault on his part. Additionally, Plaintiff has been prejudiced by having to expend time and resources on a litigation matter that is wholly unnecessary and that has delayed the proceedings in the case. Finally, the Court, in its prior Orders, clearly warned Defendant that his failure to comply with the Court's directive to file an answer could lead to the imposition of sanctions, including entry of default judgment. (Docket Entry No. 75 at 3.)

Nevertheless, the Court finds that the sanction of default judgment is too drastic to impose at this time given that Defendant has actively contested the case against him, particularly since a lesser sanction has not yet been imposed in response to Defendant's conduct. Further, although the leniency generally afforded to *pro se* litigants does not exempt them from following procedural rules and from compliance with the Court's orders, Defendant's *pro se* status must be factored into the equation. While Defendant's conduct has been frustrating, the integrity of the pretrial proceedings has not been compromised to the point that Defendant's conduct warrants the ultimate sanction of default judgment against him. For these reasons, the motion (Docket Entry No. 77) is **DENIED** to the extent that the sanction of default judgment is requested.

However, the Court finds that a lesser sanction against Defendant is nonetheless appropriate, **with the caveat that a more significant sanction may be imposed based upon future incidents of non-compliance by Defendant with the Court's directives**. Rule 16(f) authorizes the issuance of a

13

just order imposing sanctions on a party or its attorney for failing to obey a scheduling or other pretrial order. The rule requires that the party, its attorney, or both be ordered to pay reasonable expenses incurred because of the violation unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Rule 16(f)(2). The payment of expenses is in place of or in addition to any other sanctions.

**Because the Court finds that Defendant's non-compliance was not substantially justified, the Court sanctions Defendant by assessing against him attorney fees in the amount of $935.00, which must be paid to Plaintiff's counsel within 120 days of the date of entry of this Memorandum Order.** This amount accounts for the fees incurred by Plaintiff in filing the motion for default and motion for citation of contempt and/or default judgment. Both motions were filed in response to Defendant's continued failure to comply with the Court's directive to file an answer and would not have been necessary if Defendant filed his answer as directed by the Court. Plaintiff sets out that a total of 3.4 hours were expended to file these motions at a rate of $275.00 per hour. (Docket Entry No. 77-1 at ¶¶ 15-16 and 20.)[10]

In light of the Court's rejection of the sanction of entering default judgment against Defendant, the issue of Defendant's still-missing answer remains outstanding. Defendant is given until **February 18, 2025**, to file an answer in compliance with Rule 8. Defendant is warned that his failure to file an answer will result in the application of Rule 8(b)(6) to this case and the factual allegations of Plaintiff's complaint, other than allegations relating to the amount of damages, will be

---

[10] Although Plaintiff seeks an award of attorney fees and costs in the amount of $10,100.00, that amount encompasses fees and costs related to work performed for the entire lawsuit. (Docket Entry No. 77-1.) Given that the Court declines to enter default judgment as a sanction, an accompanying award of fees and costs for the entire lawsuit is not warranted.

14

deemed to be admitted if a timely answer is not filed. Defendant is specifically warned that the allegations that are deemed admitted under Rule 8(b)(6) can support a ruling on the merits against him and/or preclude him from offering at trial evidence or argument denying facts that have been deemed to be admitted. *Henricks v. Pickaway Corr. Inst.*, 2016 WL 4705647 (S.D.Ohio Sept. 8, 2016).

The Court now turns to Plaintiff's request for an order finding Defendant to be in contempt of court. Initially, the Court notes that a magistrate judge possesses limited contempt authority in cases where the parties have not consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c). *Compare* 28 U.S.C. § 636(e)(4) (granting magistrates the full authority of the district court to impose civil contempt sanctions in consent cases) with *id*. § 636(e)(6)(B) (requiring submission to the district judge); *see also Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 998 n.7 (6th Cir. 1992) ("Congress specifically withheld from magistrate judges jurisdiction over contempt proceedings."). This is not a consent case. Plaintiff's motion requesting that the undersigned issue an order of contempt is, as a procedural matter, misplaced.

Further, and more importantly, "the power 'to punish for contempts' should not be used lightly." *Electrical Workers Pension Trust Fund*, 340 F.3d at 378 (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911). Generally, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant. *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). However, these goals are not exclusive to the Court's contempt power and may be accomplished by the Court in other ways. Indeed, a finding of contempt is merely one weapon the Court may use to enforce its own orders. *Electrical Workers Pension Trust Fund*, 340 F.3d at 378. The Court's imposition of a sanction against Defendant as set

15

out above and the Court's edict to Defendant to file an answer or face the consequences of having the factual allegations of the complaint deemed admitted in accordance Rule 8(b)(6) serve the purposes of coercing Defendant to proceed with an answer in this case and compensate Plaintiff for the time spent to that end. A contempt proceeding at this time would essentially be superfluous, and the Court finds no compelling reason to certify facts for a finding of contempt. For these additional reasons, Plaintiff's requested relief for a citation of contempt in the omnibus motion (Docket Entry No. 77) is likewise **DENIED**.

### III. CONCLUSION

For the foregoing reasons, (1) Plaintiff's motion for entry of default (Docket Entry No. 71) is **DENIED**; (2) Defendant's motion to stay (Docket Entry No. 76) is **DENIED**; and, (3) Plaintiff's motion for citation of contempt and/or for default judgment (Docket Entry No. 77) is **DENIED**. However, the following directives and sanctions are imposed.

Defendant must, by no later than **February 18, 2025**, file an answer in this case. **Defendant is cautioned that failure to file an answer shall subject him to the provisions of Rule 8(b)(6) of the Federal Rules of Civil Procedure – specifically that Plaintiff's allegations will be treated as admitted – without necessity of further order. Defendant is further warned that allegations that are deemed admitted under Rule 8(b)(6) can support a ruling on the merits against Defendant and/or preclude him from offering at trial evidence or argument denying facts that have been deemed to be admitted.**

Further, given that the Court has determined that Defendant's failure to comply with the Court's directives and orders was not substantially justified, **the Court sanctions Defendant by**

**assessing against him attorney fees in the amount of $935.00, which must be paid directly to Plaintiff's counsel within 120 days of the date of entry of this Memorandum Order**.

Any party objecting to this Order must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the objections/motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge