## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT COLUMBIA

JOHN DOE                         )
                                 )
     v.                             )       **Case No. 1:23-cv-00002**
                                   )       **Campbell/Holmes**
BRIAN SPENCER               )

## O R D E R

For the reasons set out below, Defendant's motion to compel (Docket Entry No. 94) is **DENIED**.

On August 10, 2025, Defendant filed his motion, stating that he had served a set of interrogatories on Plaintiff "prior to the close of discovery" (*id*. at 1), but that Plaintiff objected to the interrogatories on the basis that the discovery deadline had passed. Defendant seeks either an order compelling responses or, alternatively if necessary, a brief and limited extension of the discovery deadline for the purposes of permitting the interrogatories and responses.

Plaintiff responds in opposition to the motion (Docket Entry No. 96), asserting that he properly objected to Defendant's written discovery requests as untimely because Defendant did not serve them on Plaintiff until August 1, 2025, which was not at least 30 days prior to the scheduling order's deadline for the completion of discovery.

Defendant replies (Docket Entry No. 97) that he propounded his discovery requests within the discovery period, that Plaintiff's objection is based on a hyper-technical argument, that Plaintiff had notice of his requests and the opportunity to respond, and that Plaintiff is engaging in gamesmanship. Defendant also contends that the fact that the parties were engaged in settlement discussions in the weeks leading up to the discovery deadline "created confusion and distracted from discovery deadlines. (*Id.* at 1.) Defendant also takes issue with Plaintiff's

inclusion in his response of photocopies of e-mails sent to Defendant that have redacted Defendant's e-mail address. (*Id*. at 2.)

The Court finds no merit in Defendant's motion. Upon Defendant's filing of his answer, which came only after significant delay and a final ultimatum from the Court, a scheduling order was entered March 24, 2025. (Docket Entry No. 84.) The scheduling order provided several months for discovery and set a deadline of August 29, 2025, to complete all discovery. (*Id*. at 2.) In the scheduling order, the Court included this specific advisement:

> **The deadline for the completion of discovery means that all depositions must be noticed and completed in advance of the discovery completion date and that all written discovery must be served far enough before the discovery completion date, i.e., at least thirty (30) days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline.** For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.
>
> Any party seeking to serve written discovery requests upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests. (emphasis in original).

(*Id*. at 3.)

Defendant's discovery requests were not served upon Plaintiff until August 1, 2025. This was not at least 30 days prior to the discovery completion deadline of August 29, 2025. Further, Defendant did not obtain leave of the Court to serve his untimely requests. Thus, Defendant's written discovery requests were not timely under the scheduling order, and Plaintiff's objection to the discovery requests on the basis of untimeliness is a proper objection.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts

2

primarily determine good cause by measuring the movant's "diligence in attempting to meet the case management order's requirements*." Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625-26 (6th Cir. 2002).  *See also In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 ("[T]he application of Rule 16(b)'s good-cause standard is not optional.").

The Court finds that Defendant has not shown good cause to extend the discovery completion deadline and to permit him to engage in what would otherwise be untimely discovery.  The scheduling order clearly and specifically advised Defendant that any written discovery requests needed to be served at least thirty days prior to the August 29, 2025, deadline, and required that leave of the Court be obtained for any untimely discovery requests.  Defendant did not follow these directives.  Although he had ample opportunity to engage in timely discovery, he did not exercise diligence in pursuing discovery and instead did not serve written discovery requests upon Plaintiff until it was too late.

"In civil litigation, deadlines are of crucial importance and time is usually not on the side of those who treat deadlines cavalierly." *Brumback v. Wurth Baer Supply Co.*, 2019 WL 2814649, at *1 (E.D. Ky. July 2, 2019).  Missing a deadline, even by only a few days, is still missing a deadline, and the dilatory party bears the consequence.  *See Drahuse v. Fed. Home Loan Mortg. Corp.*, 2011 WL 4088170, at *2 (E.D.Mich. Sept. 14, 2011) (motion to compel denied because discovery requests were untimely, being served less than thirty days before the discovery deadline); *Solomon v. Michigan State Police*, 2010 WL 3475730, at *2 (W.D.Mich. Sept. 2, 2010) (same).

Defendant's excuses are entirely unpersuasive and fail to justify providing him with relief from the scheduling order deadline.  Being a *pro se* litigant does not permit a party to simply

ignore a Court's clearly communicated deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016); *Mayers v. Ellis*, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D. Tenn. Dec. 4, 2015). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. *See also Cochran v. Schaffer*, 2020 WL 3317477, at *2 (N.D. Ohio June 18, 2020) ("The latitude afforded to *pro se* litigants does not extend to compliance with readily understood orders and deadlines.").[1] Defendant's attempt to somehow shift blame to the Plaintiff for his failure to timely serve discovery requests is not well taken. It is Defendant himself who bears the responsibility for not adhering to the scheduling order's discovery deadline. The Court further finds absolutely no basis for Defendant's contention that Plaintiff has engaged in "gamesmanship" by engaging in settlement discussions with Defendant during the discovery period. Finally, Defendant's argument pertaining to redacted e-mails is nonsensical and fails to support his motion.

With the period for discovery now closed and with the approaching deadline for the filing of dispositive motions, the Court suggests that the parties revisit their settlement discussions.

**Any party objecting to** this Order must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for

---

[1] The Court further notes that Defendant should have been keenly aware of the importance of complying with the Court's specific orders and deadlines given the Court's

4

review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge

---

January 16, 2025 Order (Docket Entry No. 79) that imposed sanctions against him for failing to comply with Court imposed deadlines.

5