IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| v. | ) | NO. 1:23-cv- 00002 |
| | ) | |
| BRIAN SPENCER | ) | |

TO: Honorable William L. Campbell, Jr., United States Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

This civil case, in which Defendant Brian Spencer ("Defendant) proceeds *pro se*, has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* Order entered March 17, 2023 (Docket Entry No. 35).

Presently pending before the Court is Plaintiff's motion (Docket Entry No. 100) for summary judgment. The motion is opposed by Defendant. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

### I. PROCEDURAL BACKGROUND

Plaintiff John Doe ("Plaintiff") is a resident of Marshall County, Tennessee. On January 9, 2023, Plaintiff filed this lawsuit against Brian Spencer ("Defendant"), a resident of the Commonwealth of Massachusetts, and "Fictitious Persons 1-10."[1] *See* Verified Complaint (Docket Entry No. 1). Plaintiff seeks statutory, compensatory, and punitive damages, as well as injunctive relief based on ten claims that Defendant distributed intimate visual depictions of Plaintiff without Plaintiff's consent in violation of Section 1309 of the Violence Against Women

---

[1] Plaintiff has not identified any of the "Doe" defendants, and the lawsuit has proceeded

Reauthorization Act of 2022, 15 U.S.C. § 6851 (Counts I-X, referred to collectively as "Section 6851 Claims"). Plaintiff also brings state law tort claims for negligence *per se* (Counts XI and XII), intentional infliction of emotional distress (Count XIII), and "publicity given to private facts" (Count XIV).

Shortly after the lawsuit was filed, the Court granted Plaintiff's request for preliminary injunctive relief and ordered that "[Defendant] and all persons in active concert or participation with him are hereby restrained, enjoined, and prohibited from distributing intimate visual depictions of Plaintiff and from disclosing Plaintiff's identity to anyone else." *See* Order entered January 11, 2023 (Docket Entry No. 9) at 2, and Order entered February 2, 2023 (Docket Entry No. 26).

In lieu of filing an answer, Defendant filed four motions to dismiss that raised several defenses, including lack of personal jurisdiction. He also asserted a counterclaim against Plaintiff. By Orders entered March 4, 2024 (Docket Entry Nos. 54 and 55), the Court denied the motions, dismissed the counterclaim, and denied as moot Plaintiff's motion for summary judgment or to dismiss. Defendant thereafter unsuccessfully pursued appellate relief from the denial of his motions and nearly a year passed before he eventually filed an answer by the final deadline imposed by the Court. *See* Order entered January 16, 2025 (Docket Entry No. 79). In his answer, Defendant continues to dispute the existence of personal jurisdiction over him by this Court, but he otherwise neither affirms nor denies any of the specific factual allegations that are set out in the complaint, instead asserting that he invokes his Fifth Amendment right against self-incrimination. *See* Docket Entry No. 83.

---

for all purposes against only Defendant Spencer.

2

Case 1:23-cv-00002    Document 108    Filed 02/23/26    Page 2 of 15 PageID #: 658

After Defendant's answer was filed, a scheduling order was entered that set out deadlines for pretrial activity in the case, including a period for discovery. *See* Docket Entry No. 84. However, Plaintiff apparently did not make any discovery requests, *see* Plaintiff's Memorandum of Law (Docket Entry No. 101) at 9, and Defendant failed to make timely discovery requests.[2]

## II. PLAINTIFF'S ALLEGATIONS[3]

During 2022, Plaintiff and Defendant's wife ("S.S.") engaged in a consensual, extra-marital, on-line relationship during which they exchanged with each other sexually explicit photographs, videos, and messages, some of which included nudity. Defendant eventually learned of the affair.

Plaintiff alleges that Defendant obtained access to the photographs, videos, and messages, which S.S. had saved on her phone, iPad, and/or other computing devices, and thereafter used these materials in an attempt to humiliate Plaintiff. Plaintiff alleges that, in October 2022, Defendant contacted Plaintiff's wife by a Facebook message and by e-mail, providing her with multiple photographs, videos, and messages that had been exchanged between Plaintiff and S.S., and he also contacted Plaintiff by e-mail on October 27, 2022, informing Plaintiff that he planned to file for a divorce from S.S. and demanding that Plaintiff send to Defendant all photographs, videos, and communications that Plaintiff had concerning the relationship with S.S. Plaintiff alleges that Defendant threatened to disclose the explicit materials to Plaintiff's family,

---

[2] Although Defendant sought discovery from Plaintiff, the Court denied his discovery by Order entered September 29, 2025 (Docket Entry No. 98), upon finding that Defendant's discovery requests were not timely under the scheduling order deadline for the completion of discovery and that he had not shown good cause to extend the discovery completion deadline. Defendant's motion for review (Docket Entry No. 99) of that Order remains pending before the Court.

[3] The summarized facts are taken from Plaintiff's Verified Complaint.

3

friends, and business associates if Plaintiff did not send the requested materials and stated "I promise I will make it my life's only focus to humiliate you the way you two have me."[4] Plaintiff did not respond to the e-mail.

Plaintiff alleges that, on or about December 1 and 2, 2022, Defendant used the U.S. Mail to mail a total of nine envelopes to Plaintiff, his ex-wife, his adult child, several of his neighbors, and his place of business at addresses in Lewisburg, Tennessee and Spring Hill, Tennessee. The envelopes were in the size and shape of traditional Christmas cards and each envelope contained at least one of four different version of collage that included the phrase "Merry Christmas" and included multiple photographs and screen shots of the sexually explicit photographs and messages Plaintiff had sent S.S. Each version included pictures of Plaintiff, including his face and naked genitalia, as well as a symbol from Plaintiff's Facebook messenger account. Although one envelope bore a return address from "M. Hots" of Brockton, Massachusetts, the remaining envelopes bore Plaintiff's home address in Tennessee.

Plaintiff alleges that Defendant had another e-mail exchange with Plaintiff's wife, and on December 16, 2022, he emailed the following to Plaintiff: "Nice to know you knew about the email and completely Ignored a simple request of anything regarding contact to be sent … I have ideas for days and can't think of a better person. I am sorry I upset your wife…"[5] Plaintiff, through counsel, then sent Defendant a cease-and-desist letter on December 19, 2022. This litigation thereafter ensued.

---

[4] Verified Complaint at ¶ 14.
[5] Id. ¶ 24.

### III. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Plaintiff seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure and Local Rule of Court 56.01 on his Section 6851 Claims. For the purposes of summary judgment, Plaintiff seeks only the entry of a final judgment that imposes a permanent injunction prohibiting Defendant from (a) disclosing Plaintiff's real name to any third party and from (b) distributing Plaintiff's intimate visual depictions, reserving the right to seek an award of damages if the motion for summary judgment is denied and the case goes to trial. Plaintiff further seeks all costs and attorney's fees associated with the case.

In support of his motion, Plaintiff relies upon a statement of undisputed material facts ("SUMF") (Docket Entry No. 100-1) and a supporting memorandum (Docket Entry No. 101). As evidentiary support, Plaintiff points to the statements set out in his verified complaint and to statements made by Defendant in one of the appellate briefs that he filed. *See* Appellate Brief (Docket Entry No. 60).[6] Contending that there are no genuine issues of material fact that exist, Plaintiff argues that "Defendant's own admissions in the Appellant's Brief coupled with a common-sense analysis of the situation give rise to the conclusion that Defendant Brian Spencer is liable to Plaintiff for nine counts of unlawful distribution of intimate visual depictions pursuant to 15 U.S.C. § 6851." *See* Plaintiff's Memorandum at 12.

In response, Defendant argues that he has not been permitted to obtain necessary interrogatory responses from Plaintiff and that the Court should thus deny or defer a ruling on the motion under Rule 56(d) until he receives that discovery. *See* Response (Docket Entry No. 103)

---

[6] Although the record also contains a second appellate brief filed by Defendant, *see* Docket Entry No. 61, both briefs are identical. For ease of references, the Court shall refer to the first filed brief (Docket Entry No. 60) when referring to the "Appellate Brief."

at 1-2. In a brief argument, Defendant contends that summary judgment is premature until the Court rules on his motion for review, that Plaintiff "cannot rely on withheld discovery" in support of his motion, that his invocation of the Fifth Amendment privilege against self-incrimination cannot be relied upon by Plaintiff as an admission, and that "equitable considerations favor Defendant." *Id*. at 2-3. In support of his motion, Defendant submits his own declaration, in which he declares that he invoked his Fifth Amendment privilege "in discovery." *Id*. at 5.

In reply, Plaintiff argues that the Court has already ruled against Defendant on the issue of his late-filed interrogatory requests and that Defendant's Rule 56(d) argument is meritless. *See* Reply (Docket Entry No. 104) at 1-2. Plaintiff further argues that all material facts asserted in his SUMF should be deemed admitted under Local Rule 56.01(g) because Defendant failed to file a response to the SUMF. *Id*. at 3, Finally, Plaintiff points out that Defendant has not submitted a declaration denying that he had mailed the "Christmas cards" in question and that his assertion of the Fifth Amendment in his answer, along with his complete failure to respond to the Plaintiff's SUMF, should be considered "evidence of acquiescence" and should give rise to an adverse inference against Defendant on the issue of whether he mailed the cards at issue in this case. *Id*.

The Court permitted Defendant to file a sur-reply (Docket Entry No. 107). In it, Defendant argues that: (1) Rule 56(d) does apply; (2) Plaintiff has mischaracterized his invocation of the Fifth Amendment as acquiescence; (3) his response to the SUMF was included in the body of his response in opposition; (4) he disputed multiple facts in his response; and, (5) genuine issues of material fact exist, including the identity of the sender of the cards, that must

6

be resolved at trial. *Id*. at 1-2.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation and quotations omitted). "In response, the nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.'" *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)).

In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). In doing so, the Court must view the evidence and all inferences drawn from underlying facts "in

the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

V. ANALYSIS

A. Defendant's Requests for Relief under Rule 56(d) and to Defer a Ruling

The Court finds no merit in Defendant's request that he be provided with relief under Rule 56(d). Rule 56(d) provides the Court with the discretion to afford a non-moving party some relief with respect to a pending motion for summary judgment if the nonmovant "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment. Fed.R.Civ.P. 56(d). As in this case, the request is usually made by a nonmovant who asserts that there is a need for additional time to obtain discovery before responding to a motion for summary judgment.

As a procedural matter, Plaintiff's request for Rule 56(d) relief fails because his request is not supported by the required affidavit or declaration. The affidavit submitted by Plaintiff with his response to the motion for summary judgment addresses only matters related to his invocation of the Fifth Amendment and is not directed at the issue of his Rule 56(d) request. *See* Docket Entry No. 103 at 5.

Substantively, his request likewise fails because a request for relief under Rule 56(d) cannot be used as a means to avoid or circumvent the consequences of the Court's discovery orders. In its September 29, 2025, Order, the Court denied Defendant's request to either compel discovery responses from Plaintiff or extend the deadline to complete discovery, finding that Defendant had not been diligent in making timely discovery requests and had not shown good cause to extend the discovery completion deadline. Defendant's current request for relief under

8

Rule 56(d) is simply an attempt to by-pass that Order. Relief under Rule 56(d) is not designed for situations where a party's asserted discovery problems were caused by the party's own actions and lack of diligence. *See Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 732 (6th Cir. 1996); *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 363 (6th Cir. 1982); *King v. National Indus., Inc.*, 512 F.2d 29, 34 (6th Cir. 1975).[7]

Defendant also contends that a ruling on the motion for summary judgment should be deferred until after the Court rules on his motion for review of the September 29, 2025, Order. The act of filing objections to a magistrate judge's order does not stay the force of that order. *Lange v. Crosbie*, 2023 WL 5532789, at *1 (E.D.Mich. Aug. 28, 2023); Local Rule 72.01(c). Thus, the September 29, 2025, Order controls the issue of discovery until such time as the Order is overturned. If the motion for review is granted, the District Judge may vacate this Report and Recommendation or defer a ruling on it as the District Judge deems appropriate. Defendant's request to defer a ruling on the motion for summary judgment is unpersuasive.

B. Defendant's Lack of a Response to the SUMF

Plaintiff correctly points out in his reply that Defendant has not filed a separate response to Plaintiff's SUMF, as is required by Local Rule 56.01(e). Although Defendant contends in

---

[7] The Court notes that Defendant's response contains two incorrect assertions about Court orders. First, he asserts that "Plaintiff was ordered to respond to interrogatories (Doc. 95)." *See* Response at 3, IV.B. Docket Entry No. 95 refers to the Order entered August 26, 2025, which merely required Plaintiff to respond to Defendant's August 10, 2025, filing that was construed by the Court as a motion to compel. The Order did not order Plaintiff to respond to Defendant's interrogatories. Second, Defendant asserts that the Court's November 3, 2025, Order (Docket Entry No. 102), "required" him to "cite to interrogatory evidence" in responding to the motion for summary judgment. *See* Response at 1-2, Section I and II. However, that Order merely stated that interrogatory answers were one of the types of evidence that could be relied on by Defendant to show that material facts are genuinely disputed. Nothing set out in the Order can reasonably be read to have "required" Defendant to cite to interrogatory evidence.

9

his sur-reply that his response to the SUMF is included in the body of his response and that he disputes multiple facts in his response, *see* Sur-reply at 2, this contention is not borne out by review of his response, which does not refer to the SUMF, does not include any type of response to the SUMF, and does not dispute any facts, let alone dispute multiple facts.

In the absence of a timely response to a SUMF, Local Rule 56.01(g) provides that the facts asserted in the moving party's SUMF shall be deemed undisputed for the purposes of summary judgment. Thus, to the extent that statements of facts asserted in Plaintiff's SUMF are supported by the evidentiary record that is before the Court, the Court is permitted to rely upon those statements of fact as undisputed.

C. Liability Under 15 U.S.C. § 6851

As part of the Violence Against Women Act Reauthorization Act of 2022, Congress created a civil right of action for:

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.

15 U.S.C. § 6851(b)(1)(A). The courts have construed this claim to have four elements that must be satisfied: (1) the disclosure must involve an "intimate visual depiction"; (2) the disclosure must have occurred in, or using any means or facility of, interstate or foreign commerce; (3) the disclosure is without the consent of the individual; (4) the defendant knows, or recklessly disregarded, the individual did not consent to the disclosure. *Doe v. Parsons*, 2:24-cv-00075, 2025 WL 1540877, at *2 (M.D.Tenn. Feb. 6, 2025) (McCalla, J.); *K.I. v. Tyagi*, 2024 WL 4732703, at *5–6 (D.Md. Nov. 8, 2024). As relief, the statute provides for the

recovery of actual damages or statutory liquidated damages, for the costs of the actions, including reasonable attorney's fees, and for other equitable relief, including a permanent injunction. 15 U.S.C. § 6851(b)(3).

D. Plaintiff's Request for Summary Judgment

The Court finds that, despite the general deficiency of Defendant's response as far as addressing the actual summary judgment arguments raised in the motion, the motion for summary judgment is simply not supported by sufficient evidence to enable the Court to grant summary judgment to Plaintiff on his Section 6851 claims as a matter of law. Specifically, there is lack of direct evidence before the Court on the issue of whether Defendant is responsible for mailing the cards that contained the intimate visual depictions. and the circumstantial evidence is not so overwhelming that summary judgment must be granted to for Plaintiff.

As support for his motion, Plaintiff relies in substantial part on the argument that Defendant's statements in his Appellate Brief are evidence of critical facts in this case and evidence upon which he can rely to prove the elements of his Section 6851 claims. *See* Memorandum in Support at 9. Indeed, other than his own verified complaint, the statements made by Defendant in his Appellate Brief are the only materials upon which Plaintiff relies to support his motion and to support the factual assertions set out in his SUMF.

Plaintiff's position suffers from a significant flaw because statements contained in a party's brief are not evidence and are not part of the evidentiary record. *See Guy v. Lexington-Fayette Urb. Cnty. Gov't*, 488 F.App'x 9, 17 (6th Cir. 2012); *In re Frank Fehr Brewing Co.*, 268 F.2d 170, 183 (6th Cir. 1959). Plaintiff does not set out any legal authority to the contrary or set out legal authority that supports his position that the statements made by

Defendant in his Appellate Brief can be considered as evidence supporting a motion for summary judgment. Further, the Court notes that, although Platiniff generally refers to pages 3, 6, and 8 of the Appellate Brief, Plaintiff does not point to any specific statements from Defendant that are contained within those pages, and the Court thus left to guess as to what particular statements Plaintiff believes should be construed as evidence in his favor.

With respect to the possibility of an adverse inference arising from Defendant's invocation of his Fifth Amendment privilege against self-incrimination, the Court finds that this issue has little impact on this case as it currently stands. The Fifth Amendment's privilege against compulsory self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983). While it is well established that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them, *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976), Plaintiff has not set out a persuasive and supported legal argument that such a situation exits in this case at this time.

There is no indication that Defendant refused to answer written discovery requests or deposition questions based on the Fifth Amendment privilege.[8] The only occasion when Defendant has actually asserted the privilege is in his answer to the verified complaint, where he

---

[8] Although Defendant asserts that he invoked "the Fifth Amendment during discovery," *see* Response at 2, there is nothing before the Court that shows this to be the case because it appears that Plaintiff did not seek any discovery from Defendant.

12

generally asserts it. *See* Docket Entry No. 83 at 3, C. However, the Sixth Circuit has recognized that a civil defendant may invoke the Fifth Amendment privilege in lieu of answering the factual averments set out in a complaint and that such an invocation should be treated as the equivalent of a specific denial. *See Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985). Plaintiff has not shown why *Rogers* should not control this case.

Thus, the only actual evidence Plaintiff has set forth in support of his request to be granted summary judgment is his verified complaint. While a verified complaint has the same force and effect as an affidavit for purposes of summary judgment, *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993), the factual averments contained in a verified compliant must, like those in an affidavit, be properly supported and based on personal knowledge. *See White v. Erdos*, 2022 WL 554065, at *2 (6th Cir. Jan. 28, 2022) (verified complaint "must be made on personal knowledge"). On the critical factual issue of whether Defendant was responsible for mailing the cards to Tennessee, Plaintiff relies on paragraphs 16-20 of the verified complaint as evidence supporting the assertion that "Defendant caused the aforementioned cards to be mailed to Tennessee." *See* SUMF at ¶ 13. However, nothing set out in the noted paragraphs of the verified complaint shows that Plaintiff has personal knowledge supporting his assertion that "Brian mailed" the cards, and the Court simply does not view paragraph 13 of the SUMF as a factual statement that is supported by evidence in the record. As such, it is the Court's opinion that Defendant's failure to rebut the statement with affirmative evidence of his own cannot be deemed an admission that he mailed the cards.

In the end, there may well be sufficient circumstantial evidence in the case that supports a reasonable inference by the trier of fact that Defendant mailed the cards that are at issue.

13

Moreover, the trier of fact "is allowed to make determinations based on common sense, common experience, the jury's own perceptions, or simple logic." *Seymour v. LQ Mgmt., LLC*, No. 3:16-CV-03039, 2018 WL 6341703, at *5, n.4. (M.D.Tenn. Dec. 5, 2018) (Richardson, J.). However, when the party moving for summary judgment also bears the burden of persuasion at trial, such as Plaintiff, the movant "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is 'so powerful that no reasonable jury would be free to disbelieve it.'" *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). For the reasons explained herein, the Court finds that Plaintiff has not set forth such evidence. Based on the evidentiary record that is before the Court, the issue of whether Defendant was responsible for mailing the card to Tennessee remains a genuine issue of material fact that is not amenable to resolution by summary judgment.

## RECOMMENDATION

For the reasons set out above, the Court respectfully **RECOMMENDS** that Plaintiff's motion (Docket Entry No. 100) for summary judgment be **DENIED**.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the

objections must be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        **Signed By:**
        ***J. Gregory Wehrman***
        **United States Magistrate Judge**